PRESIDIO COUNTY V. FLOYD SHOCK ET AL.

Decided December 19, 1900.

**1. Notice to Attorney Is Notice to Principal.**

The relation of attorney and client is a relation of agency, and the client is chargeable with notice of facts putting the statute of limitation in motion against him, where such facts were ascertained by his then attorney while acting within the scope of his employment in a former suit by the client relating to the same subject matter.

**2. County Warrants—Repudiation by Commissioners Court—Limitations.**

Where the county commissioners court entered an order on its minutes directing the county treasurer not to pay any county warrants issued prior to a stated date, and afterwards defended a suit brought against the county treasurer by mandamus to enforce the payment of certain warrants issued prior to such stated date, this was such a repudiation of the warrants as put in motion the statute of limitations against them in favor of the county.

APPEAL from Presidio. Tried below before Hon. A. M. WALTHALL.

*W. C. McGown* and *W. M. Peticolas,* for appellant.

*Denman, Franklin, Cobbs & McGown, Millard Patterson, C. N. Buckler,* and *Turney & Burgess,* for appellees.

NEILL, ASSOCIATE JUSTICE.—The appellee, Floyd Shock, on the 8th of February, 1899, brought this suit in the District Court of Presidio County against appellant to recover upon certain warrants issued by the county, aggregating the sum of $1309.19.

The appellant answered by a general denial, and by pleading the statute of limitations of two and four years. It then alleged that Brewster and Jeff Davis counties had been created wholly from territory excised from Presidio, and that the warrants sued on were issued for debts contracted prior to the creation of those two counties. Appellant prayed that they be made parties defendant, and in the event the judgment was against Presidio, it have judgment against them for their pro rata of the indebtedness. Brewster and Jeff Davis counties each, after denying its liability, plead the statute of limitations.

The case was tried without a jury and judgment rendered against Presidio County for the amount sued for, with interest, and in favor of Brewster County and Jeff Davis County against Presidio County on its cross-action. From this judgment Presidio County has appealed.

The principal question to be determined is, was the action of appellee barred by the statute of limitations when it was commenced? As bearing upon this question, the following facts may be regarded as uncontroverted:

1. The warrants sued on were issued by Presidio County to divers parties on dates ranging from 1880 to 1887; were a short time subsequent to the last day acquired by George D. Barnard & Co., a corporation of which appellee was a stockholder and director, when said war-

rants were acquired and held by said company, and were before the institution of this suit assigned by Barnard & Co. to appellee, who is now the holder thereof.

2. In 1887 the counties of Brewster and Jeff Davis were created wholly from territory excised from Presidio.

3. After the excision, the Commissioners Court of Presidio County made and had entered upon its minutes the following orders: (a) On May 10, 1888: "It is the order of the court that the county treasurer of Presidio County be and he is hereby instructed to not register any county warrants and county scrip that were issued prior to the division of Presidio County until further orders by this court." (b) On the 17th day of ——, 1890: "It is the order of the court that the treasurer of Presidio refuse to pay and the county collector refuse to receive any Presidio County scrip or warrants that were issued prior to March 15, 1887." (c) On the 15th of December, 1890: "It is the order of the court that an order heretofore, to wit, at the May regular term, 1890, made by this court, be and the same is amended nunc pro tunc so as to read as follows: 'It is the order of the court that the county treasurer refuse to pay and the county collector refuse to receive any Presidio County scrip or warrants that were issued for services rendered and material furnished before the 15th day of March, 1887.' " (d) On the 10th day of August, 1891: "On this the 10th day of August, 1891, came J. M. Dean into open court, and a quorum being present, he presented in and to the court for allowance of payment the following scrip and warrants issued by Presidio County, to wit, [then follows a specific description of the warrants set forth and sued upon], and the court, after hearing the request of said J. M. Dean for said allowance of payment of said warrants, and after mature deliberation hereby refuses to grant the said petition." (e) On the 13th of August, 1891: "It appearing to the court that the holders of certain Presidio County scrip and warrants are about to bring suit thereon, it is the order of the court that the county judge defend Presidio County in case said suit is brought, and he is hereby authorized to employ counsel, if in his judgment it be necessary." (f) August 18, 1893: "It appearing to the court that Barnard & Co. has brought suit against S. E. Walker, treasurer of Presidio County, therefore it is the order of the court that P. H. Clark be and he is hereby employed to represent S. E. Walker and the interest of the county in said court, and that he be paid for his services as follows: $75 retainer, and $75 on final disposition of the case in the Supreme Court or elsewhere, and the clerk is hereby ordered to issue $75 of retainer as aforesaid."

4. On September 19, 1891, a suit was brought in the name of Geo. D. Barnard & Co. upon the warrants, the company being the holders thereof, against Presidio County, and the original petition was signed "J. M. Dean, attorney for plaintiff." Presidio County answered by general and special exceptions, and a general denial, and asked that the counties cut off from Presidio be made parties defendant and prayed

for judgment against them for their pro rata share of the indebtedness. This answer was signed "B. F. Adams, attorney for defendant," and recited that it was filed by authority of the order of the Commissioners Court heretofore copied. On March 28, 1893, by an agreement of the attorneys this suit was dismissed, in which agreement it was stipulated that it was dismissed without prejudice to the plaintiff's right to bring another suit.

5. On June 8, 1893, suit was brought in the District Court of Presidio County by Geo. D. Barnard & Co. against S. E. Walker, as treasurer of said county, for a mandamus to require him to pay the same warrants. Walker, as treasurer, answered by general and special exceptions, a general denial, and specially plead that he doubted, in view of the orders of the Commissioners Court, his duty to pay said warrants. He also impleaded Brewster and Jeff Davis counties. This answer was signed "P. H. Clarke, atty. for defendant." Brewster and Jeff Davis counties, in their answer set up the orders of the Commissioners Court repudiating the warrants sued upon; and Mr. Dean, as attorney for plaintiff, had notice of the facts so plead. Pending this suit, J. M. Dean, on September 19, 1893, wrote Floyd Shock, the appellee in the case at bar, as follows: "By to-day's express I send you, that is, Barnard & Co., the scrip upon which I brought suit against S. E. Walker, county treasurer of Presidio County. I have also filed interrogatories to be propounded to you, and which will arrive in a few days. What I want to prove by you is that Geo. D. Barnard & Co. is a corporation incorporated under the laws of the State of Missouri; that its principal office, place of business, and residence is in St. Louis, State of Missouri. That its president is Geo. D. Barnard, its treasurer is ——, and secretary is ——. That you are one of its directors, and have been with said Geo. D. Barnard & Co. many years; have been their agent, etc., authorized to buy scrip for said corporation and sell stationery for same. That all this scrip is the property of said corporation, and that they bought for a valuable consideration; that said corporation still owns and holds same, and that it has never been paid or any part of it. You will see the interrogatories, and I presume that all that I have herein stated is in fact that what I want to establish now. * * * Clarke, the attorney representing the other side, said that Barnard had said in his deposition that Geo. D. Barnard & Co. did not own any of this scrip except that issued to said corporation. I told Clarke that Barnard was mistaken, and that, as a matter of fact, Geo. D. Barnard & Co. did own all the scrip, and that Mr. Barnard did not know as much about the details of the Texas business as you did, and that you had told me that all of this scrip belonged to the corporation, though some of it may have been acquired by purchase or otherwise from other parties than the county. Please send the scrip to me at Marfa, as soon as you are through with it, so that I can have it there for court. Court begins there on the 18th, and I want to get

judgment this time, of course. Your depositions will be returned to the clerk. Truly yours, J. M. Dean.

"P. S. Court begins at Marfa on the 18th inst., but if your depositions or the scrip don't get there for several days after the 18th, it will be all right, though I would prefer having them there by said date. D."

6. On September 29, 1893, said cause was tried in the district court and resulted in a judgment in favor of the plaintiff, from which judgment the defendants appealed to the Court of Civil Appeals of the Fourth Supreme Judicial District. Pending the appeal, J. M. Dean, on November 21, 1893, wrote Floyd Shock as follows: "As to the suit against Presidio County, they have perfected the appeal, and it will depend upon when it is heard as to getting the money." On December 1, 1893, Floyd Shock wrote Mr. Dean: "Your favor of November 21 received. I am sorry to note that they appealed the case. It is right and just that we recover the verdict just as it stands, but I have some misgivings as to the action of the higher court." Upon the appeal the judgment of the District Court was reversed and judgment was rendered by the Court of Civil Appeals in favor of the treasurer. After the judgment was so rendered, Mr. Dean wrote Barnard & Co., inclosing in it a cost bill in the case from the clerk of the court, which was referred by them to Mr. Shock, who, on the 21st of December, 1894, wrote Mr. Dean as follows: "Your favor of November 15th, inclosing cost bill from H. R. Hildebrand, clerk at San Antonio, for $63.45, received. It was laid aside to await my return, as they did not recognize in the names our suit against Presidio County. When the suit was instituted, B. F. Adams represented that if we would engage in the suit that Presidio County would pay all the costs, and it was for this reason that we agreed to sue. Is there any means of enforcing this agreement with Presidio County? We have no means of ascertaining whether this cost bill is correct or not. It amounts to $63.45, and some of the items seem improper. Again, when I saw Judge Falvey in Fort Worth, he told me he would take the case to the Supreme Court and had filed a motion there which, in his judgment, would result in a rehearing and a change in the present status of the case. Can you tell me what has been done concerning the matter? * * * We will be glad, however, to know where we stand in this matter. We have been very unfortunate in this transaction; first in having Presidio decline to pay our warrants, and next in being hoodwinked into engaging in this suit upon the assurance of the county's representative that it would not cost us a cent, and, in addition to all of this, being cast in the action. What is the future prospect concerning the case? Hope you will take sufficient time to give me this information without delay."

While it may not be regarded as uncontroverted, the testimony is sufficient to show that the suit of George D. Barnard & Co. against Presidio County was brought with the consent of Barnard & Co., given

B. F. Adams, county judge of Presidio, for the latter to institute the suit on the warrants in the name of George D. Barnard & Co. for the purpose of enabling Presidio County to fix the liability of the offspring counties for the pro rata of the indebtedness, upon Adams' representation to the company that Presidio County could not pay the warrants because of the reduction of her income by the excision of said counties from her territory. In bringing this suit it seems that Adams, in whose hands the warrants had been placed by Barnard & Co. for that purpose, turned them over to Mr. Dean, and authorized him to institute the suit upon them against Presidio County. There is no evidence tending to show that the Commissioners Court of Presidio County ever authorized Adams to make such arrangement or agreement with George D. Barnard & Co. in regard to the institution of the suit, or in any way ever ratified or sanctioned his action in the premises.

It is claimed by the appellee that the suit for mandamus against the county treasurer was also brought under such arrangement with Adams for the same purpose. But this contention is not sustained by the evidence, for Judge Adams testified unequivocally that he knew nothing about the institution of such suit, and that it was brought after his term of office expired and he had moved from Presidio County. And Mr. Dean testified that he acted as the attorney of Barnard & Co. at their request in bringing the suit against Walker, and brought the same in good faith for the purpose of enforcing payment by the treasurer of Presidio County.

George D. Barnard & Co. and Floyd Shock knew of the institution of both suits, and of the disposition of them in the courts. But the trial court found that neither had actual knowledge of the orders "a," "b," "c," and "d," of the Commissioners Court, recited in the third conclusion of fact, and that as to orders "e" and "f" recited in said conclusions there was no testimony to fix actual knowledge of the intention of Presidio County to repudiate the warrants except the circumstances of the case. It concluded as a matter of law that the statute of limitations would not begin to run in favor of Presidio County against the holders of the warrants until some act was done by Presidio County evidencing the repudiation of and refusal to pay these warrants made in good faith for the purpose of repudiation, and that a cause of action did not accrue against said county until such notice of such repudiation was brought home to plaintiff. And that the testimony does not show that any notice was given and brought home to plaintiff within such time as would suffice to complete the bar of the statute of limitations of four years, which statute, it concluded, governs as between plaintiff and Presidio County.

It can not be questioned that John M. Dean was, in the institution and prosecution of the two suits referred to in our conclusions of fact, the attorney of George D. Barnard & Co., and through their arrangement with B. F. Adams, was authorized by them to institute and prosecute the first suit, and had the direct authority from them to

institute and prosecute the second. Therefore, in the institution and prosecution of said suits, he was acting within the scope of his authority. It is well understood that the relation of attorney and client is a relation of agency, and in its general features is governed by the same rules which apply to other agencies. It is settled by an unbroken current of authority that notice to an agent while acting within the scope of his authority and in reference to a matter over which his authority extends is notice to the principal. Mechem on Agency, secs. 807, 718; Irvine v. Grady, 85 Texas, 120; Loan Assn. v. Lockwood, 54 S. W. Rep., 253. It can not be denied from the facts in this case that Mr. Dean, as the attorney for Geo. D. Barnard & Co. in said suits, had knowledge of the fact that Presidio County had, through its Commissioners Court, by orders duly entered upon its minutes, expressly repudiated each and every of the warrants upon which the suit at bar was brought, and that more than four years elapsed from the time such attorney knew of such repudiation until the present suit was instituted by the appellee, to whom such knowledge of Mr. Dean as his attorney was imputed. Besides, the correspondence recited in our conclusions of fact between Messrs. Dean and Shock shows that the latter was fully apprised of the fact that the warrants sued upon by him had been repudiated by Presidio County. Yet this suit was not instituted until four years after such knowledge was obtained by him.

We conclude, therefore, that the trial court erred in holding that appellee's action was not barred by the statute of limitations, and in rendering judgment in his favor. It should have held, under the undisputed facts, that his action was barred, and rendered judgment in favor of Presidio County. Such judgment will now be rendered by this court.

The judgment of the District Court is reversed, and judgment is here rendered in favor of the appellant.

*Reversed and rendered.*