FORDTRAN et al. v. CUNNINGHAM.

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1911. On Rehearing, Dec. 20, 1911.)

1. VENDOR AND PURCHASER (§ 342*)—ACTION BY PURCHASER—NATURE.

An action by a purchaser of land against his vendors must be treated as one to recover damages for claimed fraudulent misrepresentations concerning the existence of a lien, and not as one to rescind the contract on account of such misrepresentations, where the petition does not show readiness and willingness of plaintiff to restore the consideration received by him, though the prayer is in the alternative for return of the consideration furnished by plaintiff, or his damages in a specified sum.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1018, 1019; Dec. Dig. § 342.*]

2. FRAUD (§ 31*)—REMEDIES.

One induced by false representations to enter into a contract may, on discovery of the fraud, either rescind the contract and demand back what he has paid under it, or he may affirm the contract and sue for recovery of the damages sustained by the deception.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 27; Dec. Dig. § 31.*]

3. ATTORNEY AND CLIENT (§ 104*)—TITLE OF VENDOR—NOTICE TO ATTORNEY OF LIEN AS NOTICE TO PURCHASER.

Notice to an attorney examining an abstract of title for a purchaser of the existence of a lien is notice to the purchaser, precluding an action for damages or rescission of the contract by the purchaser against the vendor on account of such lien.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 92, 93; Dec. Dig. § 104.*]

Error to District Court, Harris County; Norman G. Kittrell, Judge.

Action by W. B. Cunningham against W. B. Fordtran and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Elliott Cage, for plaintiffs in error. John M. Duncan and Johnson, Barkley & Johnson, for defendant in error.

HIGGINS, J. On November 23, 1907, Bassett Blakley, acting by his agent, W. B. Fordtran, both plaintiffs in error, conveyed by general warranty deed to W. B. Cunningham, defendant in error, certain premises in city of Houston. The property, while standing in name of Blakley, in fact belonged to Fordtran. The consideration expressed in the conveyance was the payment of $250 cash, the conveyance by Cunningham of certain lots, valued at $450, and transfer of certain notes, valued at $466.66, execution of certain vendor's lien notes, and assumption by Cunningham of a lien of $2,600, and interest thereon, held by H. C. House. The premises were incumbered by another lien, amounting to $1,300, no mention of which is made in the deed.

At the time of his purchase, an abstract of title to the property was submitted by Fordtran to Cunningham, and Cunningham employed an attorney to examine the title, and who did examine and report thereon to Cunningham. The testimony is conflicting as to whether or not the $1,300 lien was disclosed by the abstract, but the undisputed testimony is that the attorney examining the title for Cunningham was aware of its existence, and that he obtained this information, either from the abstract or from Fordtran, and while investigating the title. Cunningham denied that he was informed thereof, either by his attorney or by Fordtran. The attorney and Fordtran both testified that they informed him of its existence.

The deed of conveyance reserved the right to remove some of the improvements on the premises within one year, and Fordtran testified that it was understood between Cun-

---

ningham and himself that when he removed same he would obtain a release of the $1,300 lien from the holder thereof.

Cunningham also testified that Fordtran represented to him that the $2,600 lien was the only lien upon the premises; that he relied upon this representation, and was thereby induced to make the purchase.

The case was tried before the court without a jury, resulting in judgment in favor of Cunningham for sum of $1,363; the same being the then value of the notes and lots transferred and conveyed by Cunningham to Blakley, plus the cash payment of $250.

[1] There is a difference of opinion between the attorneys representing the respective parties as to the nature of the present suit. Attorneys for defendant in error insisting it should be regarded as an action for damages, based upon the alleged false and fraudulent representations as to the $1,300 lien, rather than an action based upon breach of the warranty of title. In portions of his brief, defendant in error intimates that the suit might be construed as an action to rescind the contract, based upon such representations; but, correctly interpreted, we think the petition should be construed as an action for damages, based upon false and fraudulent representations.

[2] One induced by false representations to enter into a contract may, on discovery of the fraud, either rescind the contract and demand back what he has paid under it, or he may affirm the contract and sue for recovery of the damages sustained by the deception.

The prayer of the petition reads: "Wherefore, premises considered, the plaintiff prays that said defendants be cited to appear and answer herein, and that upon the trial hereof he have his judgment against such defendants for the consideration paid by him for said equity, being the sum of $1,233, with interest from November 23, 1907 and for costs; or, in the alternative, for his judgment for $250, with interest from November 23, 1907, and judgment canceling deeds given defendants by plaintiff to lots 35 and 36, block 151, Houston Heights, and reindorsing to plaintiff the vendor's lien note indorsed by him to defendants; or, in the alternative, his damages in the sum of $2,000, for damages sustained by reason of the existence of said lien, for interest and costs, and for such other relief, both general and special, for which he is entitled in law and equity."

The prayer for recovery of the $1,233, and the alternative one for recovery of $250, cancellation of deed, and surrender of notes, convey the idea that the suit is for rescission; but the petition, taken as a whole, cannot be so treated, because there is no offer to restore to Blakley the premises conveyed by him. In the absence of an allegation showing readiness and willingness of Cunningham to restore such premises to Blakley, it must be held that the petition is properly to be construed as an action for the recovery of the damages prayed for in the last alternative prayer. The views hereafter expressed, however, would be equally applicable, if the petition is susceptible of the construction that it is an action to rescind.

[3] The trial court, in his conclusions of fact, found that Cunningham was not advised of the $1,300 lien, and the correctness of this finding is assailed by the first assignment of error. The undisputed facts show that he employed an attorney to examine the title, and that the attorney was advised of the lien. Whether or not the attorney advised defendant in error of its existence is wholly immaterial. The ordinary rules of notice, as applied to principal and agent, are applicable here; and it is well settled by an unbroken line of authority that the principal is charged with knowledge of all material facts of which the agent receives notice or acquires knowledge, while acting in the course of his employment and within the scope of his authority, although the agent may not in fact inform his principal thereof. Irvin v. Grady, 85 Tex. 120, 19 S. W. 1028; Presidio County v. Shock, 24 Tex. Civ. App. 622, 60 S. W. 287; Bexar B. & L. Ass'n v. Lockwood, 54 S. W. 253; Cyc. vol. 31, p 1587. The attorney having full notice and knowledge of the lien, which he acquired in the course of his employment and within the scope of his authority, his principal is therefore charged with knowledge thereof, and in such case neither an action for damages nor rescission of the contract will lie.

As to whether or not an action for breach of warranty will lie, we express no opinion; that question, we think, not being raised by the pleadings.

The facts in the former trial having been fully developed, the cause should be reversed and rendered for plaintiffs in error, and it is so ordered.

## On Rehearing.

In our original opinion, we held that the undisputed testimony showed that the attorney examining the title for Cunningham was aware of the $1,300 lien against the property, and upon this finding our action in reversing and rendering the case was based. This finding of fact was based upon the testimony of Fordtran and the attorney, and, while it is not directly contradicted, yet, because of the peculiar relationship of the parties to the matters concerning which they testified, and some other circumstances connected with the entire transaction, the jury or court trying the cause might have been warranted in disregarding their testimony, and finding that the attorney was not notified of the lien.

Our former order, reversing and rendering the case, is therefore set aside, and same here now reversed and remanded.