**CANUTILLO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Aida B. KENNEDY, Appellee.**

No. 08–82–00319–CV.

Court of Appeals of Texas, El Paso.

July 3, 1984.

Rehearing Denied Aug. 1, 1984.

Larry Baskind, Diamond, Rash, Leslie & Smith, El Paso, for appellant.

Robert E. Hall, Bob Hall & Associates, Houston, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This case was brought by Appellee, a teacher, against the Appellant school dis-

trict for failure of the district to renew her teaching contract. Referring to the parties as they were in the trial court, the court granted the Plaintiff teacher's motion for summary judgment, held a hearing on damages, and awarded back pay and reinstatement with injunctive measures. We reverse and render except for one year's salary paid into the registry of the court.

Texas law gives school districts a choice of offering teachers fixed term contracts or adopting the continuing contract provisions of the Texas Education Code, sections 13.-101 et seq (Vernon 1972), which creates the possibility of tenure. The Defendant school district has adopted the continuing contract provisions and this case arises under and is controlled by the Education Code hereinafter "the Code."

 Section 13.101 provides that teachers shall be employed under either a "probationary contract" or a "continuing contract." Plaintiff Aida Kennedy was employed under a probationary contract by Defendant Canutillo School District. Section 13.103 of the Code provides:

> The board of trustees of any school district may terminate the employment of any teacher holding a probationary contract at the end of the contract period, if in their judgment the best interests of the school district will be served thereby; provided, that notice of intention to terminate the employment shall be given by the board of trustees to the teacher on or before April 1, preceding the end of the employment term fixed in the contract. In the event of failure to give such notice of intention to terminate within the time above specified, the board of trustees shall thereby elect to employ such probationary teacher in the same capacity, and under probationary contract status for the succeeding school year if the teacher has been employed by such district for less than three successive school years, or in a continuing contract position if such teacher has been employed during three consecutive school years.

Plaintiff brought this suit contending she did not receive such notice. In its order granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment, the trial court made extensive findings of fact and conclusions of law. The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. Rule 166–A, Tex.R. Civ.P. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Armstreet v. Greer*, 411 S.W.2d 403 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.); *Surko v. Harrison*, 391 S.W.2d 115 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.). As to notice, the judgment recites:

> (j) No notification was given to Mrs. Kennedy by the Defendant's Board of Trustees before April 1, 1976, that it intended to terminate her contract of employment. (Affidavit of Plaintiff; Defendant's Reply No. 7 to Plaintiff's Request for Admissions).

The referenced reply number seven relied on by the court does not support the finding of no notice or that there is no question of fact as to notice. Plaintiff's request for admission number seven was:

> The letter of March 16, 1976 from Mr. Segapeli to Ms. Kennedy was the only communication given to Ms. Kennedy by the Canutillo Independent School District, its officers or agents, which concerned Ms. Kennedy's employment status for the 1976–77 school year.

Defendant's reply was that it denied the matters inquired about in item number seven and it then went on to enumerate matters and items which it considered were notices. Denials of requests for admissions are not summary judgment evidence. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). A request to admit and a denial of the request—refusal to admit—establishes nothing. The trial court was in error in considering it as summary judgment evidence.

The affidavit of the Plaintiff relied on for the finding of "no notification" has only one sentence relating to the subject. It

refers to a letter of March 16, 1976, from the superintendent of the district and the affiant says "[t]his correspondence was the only communication that I received before April 1, 1976, from any official of the C.I.S.D. concerning my contract status for the 1976–77 school year." This letter of March 16 from the superintendent to Ms. Kennedy says:

Since you have appealed the decision of the Board of Trustees of the Canutillo Independent School District to terminate your employment effective September 2, 1975, there remains a contingency that the Commissioner of Education will reinstate you for the 1975–76 school year. On or before April 1 of each year the Board of Trustees must make a determination whether to renew the contract of all teachers who are on a probationary status. Therefore, this letter is to notify you that I am recommending to the Board at its next regularly scheduled meeting to be held on March 18, 1976, that your contract not be renewed for the 1976–77 school year if the Commissioner reverses the Board's decision and orders you reinstated for the 1975–76 school year.

Plaintiff's attorney by letter dated March 26 responded to that letter and among other things demanded in writing as to the exact reasons for the decision not to renew. By letter dated April 2, the attorney for the school board wrote Plaintiff's attorney on behalf of the superintendent and explained that reasons did not have to be given since Plaintiff was a probationary teacher. As part of the summary judgment proof, the affidavit of the vice-president of the school board stated that during February and March of 1976, the board reviewed the staff of the school district determined not to renew the contract of Ms. Kennedy, that the board delegated to the superintendent the duty of notifying Ms. Kennedy of the board's action, and also delegated to its attorney, Larry Baskind, the duty to notify Ms. Kennedy's attorney of the action. The affidavit concludes that "[a]ll Board action took place prior to April 1, 1976. To my knowledge, all required notices were given

prior to April 1, 1976." In the face of this summary judgment evidence, the statement of the Plaintiff does not support the trial court's findings of no notification or the proposition that no fact question exists. The evidence could be construed as establishing the contrary as a matter of law; at the least, a fact question is created. However, there is other summary judgment evidence which we think is conclusive of the notice question. It is undisputed that Plaintiff was represented by legal counsel and it is also undisputed that notice of the board's action was given to her attorney. The affidavit of the attorney for the school district is not refuted. The question then is whether notice to her attorney is notice to her in satisfaction of Section 13.103 of the Code.

 The general rule is that where the knowledge of facts acquired by an attorney during the course of his employment relates to the subject matter of his employment, it is imputable to his client. 41 Tex. Jur.2d Notice, sec. 22 (1963), and numerous authorities therein noted. *Fordtran v. Cunningham,* 141 S.W. 562 (Tex.Civ.App.—El Paso 1911, error refused). Specifically, notice to an attorney is notice to the client employing him. *Sheehan v. Driskell,* 465 S.W.2d 402 (Tex.Civ.App.—Houston [14th Dist.] 1971, ref'd n.r.e.). We hold that the notice requirements of Section 13.103 were satisfied by notice to Plaintiff's attorney.

Some confusion exists in this case because Plaintiff had a discharge case pending on appeal to the State Commissioner of Education at the time this non-renewal case arose. Early in the 1975–76 school year, September in fact, the school board discharged Plaintiff for cause and she appealed to the State Commissioner of Education who reversed the school board. That decision was upheld by the State Board of Education. The school district took no appeal from that decision and has attempted to pay Plaintiff a salary for the 1975–76 school year. She has refused to accept payment and it has been tendered into the registry of the court in this case. The

appeal of the discharge case was still pending when this case arose and that accounts for the recitation in the letter of March 16 by the superintendent "that your contract not be renewed for the 1976–77 school year if the Commissioner reverses the Board's decision and orders you reinstated for the 1975–76 school year." The determination of the appeal to the State Board of Education was delayed some two years because of postponements due to implementation of the Administrative Procedures Act and the illness of Plaintiff's attorney. The 1975–76 school year was Plaintiff's third year and she was on probationary status so the board had to notify her by April 1 if her contract was not to be renewed. Among the unexplainable findings of fact and conclusions of law by the trial court in its summary judgment is finding:

> Alternatively, that the Defendant Board of Trustees' decision of March 18, 1976 to non-renew Plaintiff's contract of employment constituted an abuse of discretion, was arbitrary and capricious and without legal effect as a matter of law because it is undisputed that Plaintiff was not in the employ of the Defendant since September 16, 1975 and hence the Defendant could not possibly have had any reason, much less sufficient reason, to non-renew Plaintiff's contract of employment.

There is no summary judgment evidence to support this finding of arbitrary and capricious action of no legal effect.

■ Plaintiff argues that it is supported by the fact that she was not employed by the school district at the time it took the non-renewal action. We find the argument meaningless. The board's power to not renew is based on the plain language of Section 13.103, "if in their judgment the best interests of the school district will be served thereby."

■ Plaintiff argues that the board could not take the non-renewal action because at the time of such action she was not teaching. True, but the appeal of her discharge could result in her being reinstated and she would have completed her third

year of probation. Reversal of her discharge would place Plaintiff in a position as if the discharge had not taken place. *Gragg v. Hill,* 58 S.W.2d 150 (Tex.Civ.App. —Waco 1933, no writ). To accept the argument that the board could not take non-renewal action because at the time Plaintiff was not teaching and her discharge was on appeal would allow those circumstances to destroy the rights and duties proscribed by the Code, particularly Section 13.103. The board had to make a decision whether to renew Plaintiff's contract prior to April 1, of the year and it did so, recognizing as noted in the Superintendent's letter "there remains a contingency that the Commissioner of Education will reinstate you for the 1975–76 school year." The non-renewal action of the school board is not affected by the pendency of the discharge case.

The balance of Plaintiff's salary for the 1975–76 school year in the sum of $10,-056.85 has been paid into the registry of the court, and the order here appealed from provides that Plaintiff may withdraw it. We leave that order standing; in all other respects the judgment of the trial court is reversed and judgment here rendered that Plaintiff take nothing.