IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-583-CV





KMB HOLDING COMPANY,



 APPELLANT


vs.





STEVE E. BEST, THOMAS A. BEST, JAMES G. BEHNKEN, 


ELFRIEDA K. EITELMAN, IRMA K. KOEHNEKE, JAYNE E. KUEHNER 


AND MARGARET A. TRENT,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 449,684, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from a summary judgment in a promissory-note collection suit.
We will affirm.



BACKGROUND


 On August 30, 1988, appellees Steve E. Best, Thomas A. Best, James G. Behnken,
Elfrieda K. Eitelman, Irma K. Koehneke, Jayne E. Kuehner and Margaret A. Trent sued appellant
KMB Holding Company (KMB) for collection on their respective promissory notes. KMB is the
maker of the notes. Appellees are all payees who received the notes as purchase money in
exchange for transferring to KMB their corporate stock in Kash-Karry, Inc. Edgar Knippa, Marilyn Beto and Peter Murray, all holders of promissory notes, intervened in the
suit to protect their pro-rata ownership in the stock. 

 KMB filed a general denial and a supplemental answer asserting various affirmative
defenses including accord and satisfaction, and counterclaimed for breach of the agreement
constituting an accord and satisfaction, fraud, breach of the common law duty of good faith and
fair dealing, and civil conspiracy. 

 On February 7, 1989, appellees filed a motion for summary judgment. On June
9, 1989, KMB filed a response to the motion for summary judgment. On July 28, 1989, the trial
court granted partial summary judgment in appellees' favor on KMB's affirmative defenses and
counterclaims referenced in the judgment. This included KMB's affirmative defense of accord
and satisfaction. KMB's counterclaim alleging that appellees had breached the common law duty
of good faith and fair dealing was not before the court. 

 On August 26, 1991, the trial court granted intervenors' motions for nonsuit and
dismissed the intervenors' causes of action. On September 9, 1991, the trial court signed a final
judgment, incorporating the July 28, 1989, partial summary judgment. (1) KMB appeals from the
trial court's final judgment.



DISCUSSION


A.  Summary Judgment Standard of Review

 The standards for reviewing a summary judgment are well established. The movant
for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as
true. This Court must indulge every reasonable inference in favor of the non-movant and resolve
any doubts in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).



B.  Acceleration of the Notes

 In its first point of error, KMB asserts that the trial court erred in granting
judgment on the notes because, as a matter of law, the notes could not be accelerated. As a rule,
acceleration provisions must be clear and unequivocal. If the meaning of a term in an acceleration
clause is open to reasonable doubt, it should be construed to avoid acceleration. Shumway v.
Horizon Credit Corp., 801 S.W.2d 890, 893 (Tex. 1991).

 Appellees attached copies of the six promissory notes at issue to their motion for
summary judgment. Each note provides:



ANNUAL INTEREST RATE ON UNPAID PRINCIPAL FROM DATE OF
FUNDING: TEN PERCENT (10%)

. . .


This note is due on or before April 1, 1993, and the interest is due quarter-annually as it accrues. 

. . .


ANNUAL INTEREST RATE ON MATURED, UNPAID AMOUNTS: Maximum
rate of interest allowed by applicable law.

. . .


Maker promises to pay to the order of Payee at the place for payment and
according to the terms of payment the principal amount plus interest at the rates
stated above. All unpaid amounts shall be due by the final scheduled payment
date.

. . .


On default in the payment of this note, it shall become immediately due at the
election of Payee. Maker and each surety, endorser, and guarantor waive all
demands for payment, presentations for payment, notices of intention to accelerate
maturity, protests, and notices of protest.



(Emphasis added.)

 KMB argues that the language in the note indicates that the parties intended that
a failure to make an interest payment would not cause the principal to become due, but that the
holders would be entitled to the maximum interest rate on the "passed" interest payments. KMB
admits that this intent is "clouded" by the sentence, "On default in the payment of this note, it
shall become immediately due at the election of the payee." KMB concedes that under its
interpretation, it is difficult to reconcile this sentence with the remainder of the note's terms since
a default in the payment of the note would occur only at the time that the note was due anyway. 
KMB's interpretation effectively renders the "shall-become-immediately-due" language
meaningless. KMB's interpretation also renders meaningless the language waiving notices of
intention to accelerate the maturity found in the same paragraph. If the "it-shall-become-immediately-due" clause is not an acceleration clause, there is no need to waive the right to notice
of intent to accelerate the maturity. 

 In construing the promissory notes, our primary objective is to ascertain and give
effect to the parties' true intention. To this end, we must examine the entire writing, seeking as
best we can to harmonize and give effect to all the provisions in the instrument so that none will
be rendered meaningless. Shaver v. Schuster, 815 S.W.2d 818, 823 (Tex. App.--Amarillo 1991,
no writ). KMB's construction of the notes violates the cardinal rule of construction to harmonize
and give effect to all the provisions in the note. Id. at 824. 

 Applying the standard rules of interpretation to the instrument, only one reasonable
interpretation emerges. The notes provide that if KMB defaults on its quarterly interest payments,
these matured unpaid amounts are subject to an annual interest rate equal to the maximum rate of
interest allowed by applicable law. All such unpaid amounts are due no later than the final
scheduled payment date, which is the note's due date, April 1, 1993. The foregoing is one
remedy available to the payees in the event of a default in interest payments.

 However, the right to interest at the maximum legal rate on all matured unpaid
interest is not the only remedy provided the payees in the event of a default in interest payments. 
In the event KMB defaults in "payment of this note," the note becomes "immediately due at the
election of the Payee." The use of the term "election" is significant. An election means the act
of choosing or selecting one or more from a greater number of persons, things, courses, or rights. 
An election is a choice of an alternative. Black's Law Dictionary 517 (6th ed. 1990). We believe
that the note provides the payees with a choice of remedies in the event there is a default in either
interest or principal payments. However, in the event of a default in interest payments, the payees
may choose between the right to interest at the maximum legal rate on all matured unpaid interest
or the right to declare the note immediately due. 

 KMB argues that the phrase "on default in the payment of this note" refers to
default in the payment of the principal only. The note recites: "Maker promises to pay to the
order of Payee . . . according to the terms of payment the principal amount plus interest at the
rates stated above." The rates stated above specify that interest is to be paid at the annual rate
of 10 percent and is due quarter annually as it accrues. By their terms, the notes make provision
for payment of principal and interest; therefore, the use of the word "payment" in the default
clause must necessarily include interest payments. Furthermore, the only payments due under the
notes before the notes' maturity date are interest payments. Accordingly, the only default possible
before the notes' maturity date is a default in interest payments. The summary judgment proof
establishes, as a matter of law, that the notes can be accelerated upon failure to make interest
payments. KMB's first point of error is overruled.



C.  Usury

 In its third point of error, KMB argues that a construction of the notes which allows
for acceleration of the principal and interest upon failure to pay an installment of interest renders
the notes usurious, as a matter of law. KMB did not plead usury in its original answer, first
supplemental answer or response to the motion for summary judgment. Issues not expressly
presented to the trial court by written motion, answer or other response shall not be considered
on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); State Bd. of Ins. v. Westland Film
Indus., 705 S.W.2d 695,696 (Tex. 1986). We overrule KMB's third point of error.


 

D. Summary Judgment Proof That Appellees Are Entitled to Judgment 

 As a Matter of Law

 In its second point of error, KMB asserts that the appellees failed to prove, as a
matter of law, that they were entitled to judgment on the notes.



 1. Summary Judgment Proof That Appellees Were the Current Holders of the Notes

 KMB asserts that there is no summary-judgment proof that appellees were the
current holders of the notes. First, KMB asserts that the affidavit of Best, which recites that 
appellees are the current holders of the notes, is conclusory and does not recite facts sufficient to
establish, as a matter of law, that plaintiffs are the holders of the notes. KMB did not raise this
contention in its original answer, supplemental answer or response to the motion for summary
judgment. Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered as grounds for reversal. Tex. R. Civ. P. 166a(c); Westland Film
Indus., 705 S.W.2d at 696. 

 Nevertheless, appellees' status as holders is an element essential to their recovery
and their burden is to show they are entitled to judgment as a matter of law. On this basis, we
review the summary judgment evidence to determine if it establishes, as a matter of law, that
appellees are the holders of the notes. 

 John Knippa, president of KMB, attached his sworn affidavit to KMB's response
to appellees' motion for summary judgment. In that affidavit, Knippa states:


 

In January of 1988, I met with Best, a plaintiff in this lawsuit and a noteholder. 
Best and I discussed the status of the various promissory notes, and Best suggested
that he serve as a "spokesman" or representative for various of the other
noteholders, and coordinate their various interests, to which I agreed.


. . .


In that meeting I also agreed to send out a letter to the various noteholders giving
them information concerning the financial status of the business.


. . .


Best and I again met on April 7, 1988. At that meeting it was my understanding
that Best was representing himself and James Behnken, Thomas A. Best,
Marilyn K. Beto, Elfrieda K. Eitelman, Irma K. Koehneke, Jayne B.
Kuehner, and Margaret B. Trent. . . . We discussed several settlement
proposals, but agreed on giving to the various noteholders that I understood to
be represented by Best, . . . .


. . . .


The clear intent of this statement was to lead me to believe that Best and the other
noteholders were still considering the option of a long term note,. . . . Best had
mailed the memorandum . . . to the various noteholders, . . . .


 

(emphasis added.) KMB's own sworn statements are that the plaintiffs are all noteholders.

 Best's affidavit recites, in pertinent part:



Attached to this affidavit is a true and correct copy of six promissory notes, each
dated April 1, 1983, and each executed by Defendant KMB Holding Company and
payable respectively to the order of the following persons, hereinafter called
[Appellees], in the following original principal sums:


Payee (2) Principal Amount Exhibit No.


Evelyn K. Behnken $ 42,000.00 "A"

Steve E. Best $ 37,000.00 "B"

Thomas A. Best $ 38,000.00 "C"

Elfrieda K. Eitelman $     7,000.00 "D"

Irma K. Koehneke $ 42,000.00 "E"

Margaret B. Trent $ 37,000.00 "F"


[Appellees] are, and at all times relevant hereto have been, the owners and holders
of such respective promissory notes. (3)



(Emphasis added.) 

 Best's uncontroverted sworn statement that appellees are the holders of the notes
is competent summary judgment evidence of that fact. Life Ins. Co. v. Gar-Dal, Inc., 570 S.W.2d
378, 381 (Tex. 1978) (uncontroverted statement in sworn affidavit that plaintiff is the sole owner
and holder of note sufficient evidence of such when predicated on sufficient facts to show personal
knowledge).

 Finally, the plaintiffs discharged their burden to show that they are noteholders by
attaching copies of the notes to Best's sworn affidavit. Sorrells v. Giberson, 780 S.W.2d 936,
938 (Tex. App.--Austin 1989, writ denied) (possessor of note must prove all the facts necessary
to show that he is the owner or holder of the note, that the note is due and the amount due and
owing; in an ordinary summary judgment proceeding, the possessor of the note can discharge
much of this burden by simply including the note in the summary judgment evidence). The
summary judgment evidence establishes, as a matter of law, that appellees are the holders of the
notes.




 2. Failure to Tender the Original of the Notes

 KMB argues that appellees failed to prove that they were entitled to judgment as
a matter of law because they failed to tender the originals of the notes, citing Tex. Bus. & Com.
Code Ann. § 3.505 (1968). Section 3.505 governs presentment of instruments. Each promissory
note expressly recites that KMB waived "presentations for payment." This language is sufficient
to waive the right to presentment. Tex. Bus. & Com. Code Ann. § 3.511(b)(1) (West 1968);
Shumway, 801 S.W.2d at 893-94. 

 Even so, KMB urges it had the right to have the appellees produce the original of
the notes before the trial court could grant judgment. It is settled law that copies of original
documents are acceptable if accompanied by a properly sworn affidavit that the attached
documents are true and correct copies of the originals. Republic Nat'l Leasing Corp. v. Schindler,
717 S.W.2d 606, 607 (Tex. 1986); Life Ins. Co., 570 S.W.2d at 380; Tex. R. Civ. P. 166a(f). 
Copies of the original notes are attached to Best's properly sworn affidavit that recites that the
attached copies of the notes are true and correct copies of the originals. The copies of the notes
are acceptable summary-judgment proof. (4)



 3. Notice of Acceleration

 KMB next argues that appellees' letter of August 15, 1988, is not sufficient notice
of acceleration because it was sent to KMB's attorney and not KMB, "as required by the U.C.C." 
KMB cites no authority for this proposition and we are aware of none. The relationship of
attorney and client is one of principal and agent and notice to an attorney is notice to the client
employing the attorney. Canutillo Indep. Sch. Dist. v. Kennedy, 673 S.W.2d 407, 409 (Tex.
App.--El Paso 1984, writ ref'd n.r.e.); Sheehan v. Driskell, 465 S.W.2d 402, 404 (Tex. Civ.
App.--Houston [14th Dist.] 1971, writ ref'd n.r.e.).

 Finally, KMB asserts that the August 15, 1988, letter is a demand for payment and
not a notice of acceleration because it recites that the notes "were previously accelerated." As a
preliminary matter, we note that the promissory notes recite that the maker, KMB, expressly
waives its right to notice of intent to accelerate. The sole issue before us is whether appellees
provided KMB notice of acceleration. A copy of the August 15, 1988, letter appellees sent
KMB's attorney is an exhibit attached to Best's sworn affidavit in support of appellees' motion
for summary judgment. The letter recites, in pertinent part:


 

This is to inform you that my clients, Steve Best, James G. Behnken, Thomas A.
Best, Elfrieda K. Eitelman, Irma K. Koehneke, Jayne E. Kuehner, and Margaret
A. Trent, have accelerated their notes from KMB Holding Company, and we
hereby demand payment in full of the principal and accrued interest of each of such
notes.



Notice that appellees "have accelerated" their notes is sufficient notice of acceleration. See Ogden
v. Gibraltar Sav. Ass'n., 640 S.W.2d 232, 234 (Tex. 1982) (proper notice that the debt has been
accelerated cuts off the debtor's right to cure his default and gives notice that the entire debt is
due and payable). We conclude that the summary-judgment evidence establishes that appellees
are entitled to judgment as a matter of law. KMB's second point of error is overruled.

 The trial court's judgment is affirmed.


[Before Justices Powers, Jones and Kidd; Justice Jones not participating]

Affirmed

Filed: September 30, 1992 

[Do Not Publish]

1. [1]  The trial court's final judgment recites that KMB filed a motion to dismiss its counterclaim,
without prejudice and, accordingly, orders KMB's counterclaim dismissed without prejudice. 
KMB's motion to dismiss its counterclaim is not before us on appeal. On the record before us,
we are unable to determine if KMB's motion to dismiss its counterclaim encompassed all of
KMB's remaining counterclaims. In its brief, KMB recites that it agreed to dismiss, without
prejudice, its counterclaims against the plaintiffs (appellees) to allow the partial summary
judgment to become a final judgment. Appellees do not contest KMB's assertion that it dismissed
its remaining counterclaims. We therefore take the statement as true for purposes of this appeal. 
 
2.   The notes recite that the term "payee" includes heirs, personal representatives and assigns.
3. [3]  The note to Evelyn Behnken, payee, now deceased, is accompanied by an assignment of her
note to her husband, John W. Behnken, Jr., and a second assignment of the note from him to his
children, Jayne E. Kuehner and James G. Behnken, two of the named plaintiffs in the cause.
4.   Our holding is limited to the summary judgment context. The question is not presented
and we do not decide whether tender of the original notes is otherwise required (e.g. in a trial
on the merits).