Dan T. SORRELLS, Appellant,

v.

Robert GIBERSON, Trustee for the Benefit of Fred Becker, et al., Appellees.

No. 3–88–290–CV.

Court of Appeals of Texas, Austin.

Nov. 29, 1989.

A.R. Archer, Jr., A.R. Archer & Associates, Bastrop, for appellant.

C.A. Davis, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

## ON MOTION FOR REHEARING

JONES, Justice.

The opinion issued by this Court on October 25, 1989, is withdrawn, and the following is substituted therefor.

Dan Sorrells, maker of a promissory note, appeals from a summary judgment granted in favor of Robert Giberson, Trustee, appellee, payee of the note. Sorrells argues that Giberson failed to establish his cause of action as a matter of law because he failed to attach a copy of the note to the affidavit filed in support of the motion for summary judgment. We agree, and will reverse the summary judgment and remand the cause.

Giberson filed suit against Sorrells to recover on a note executed by Sorrells. After Sorrells filed a general denial, Giberson filed a motion for summary judgment accompanied by two affidavits, one from Giberson pertaining to liability and one from his attorney pertaining to attorney's fees. Although the note was referred to in Giberson's affidavit as being attached, Giberson neglected to attach to the affidavit either the original or a copy of the note. Likewise, the record on appeal contains neither the original nor a copy of the note.

Sorrells's first point of error complains that Giberson failed to prove the elements of his cause of action as a matter of law. Giberson, as the movant for summary judgment, had the burden of showing that no material issue of fact existed as to his cause of action, and that he was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). In a summary judgment proceeding, evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in favor of the non-movant, and any doubts will be resolved in his favor. *Id.* Furthermore, the non-movant can contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment, even if the non-movant failed to respond to or answer the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

Giberson argues that, by not objecting in the trial court to the failure to attach the note, Sorrells waived any objection to its absence. There is authority that a failure to object to the absence of proper *certification* of a document attached to an affidavit precludes reversal on that ground. *See Thompson v. Dart*, 746 S.W.2d 821 (Tex.App.1988, no writ); Tex.R.Civ.P. 166a(e). However, Sorrells's failure to object is irrelevant to the issue of the sufficiency of Giberson's proof to support summary judgment. Because the note was completely absent from the summary judgment record, it cannot serve as a basis for summary judgment. *Texas Int'l Airlines v. Wits Air Freight*, 608 S.W.2d 828 (Tex. Civ.App.1980, no writ). Neither the trial court nor this Court is free to speculate as

to its contents. *Crawford v. Pullman, Inc.*, 630 S.W.2d 377 (Tex.App.1982, no writ). To the extent that *Moya v. O'Brien*, 618 S.W.2d 890 (Tex.Civ.App.1981, writ ref'd n.r.e.), stands for a contrary rule, we decline to follow it.

Giberson asserts, however, that the affidavits alone are sufficient to establish his right to recover as a matter of law. Giberson contends that his affidavit evidences Sorrells's execution and delivery of the note, his promise to pay, the maturity of the indebtedness, its non-payment, the sum due, and Giberson's status as owner and holder of the note. The relevant part of Giberson's affidavit states the following:

> Attached to this Affidavit as Exhibit "1" is a true and correct copy of the promissory note executed by Defendant and delivered to me, as Payee.... I as Payee, am the owner and holder of the said note.
>
> The amount due on the note after all lawful offsets and credits is as follows:
>
> Principal Due:  $200,000
> Prejudgment Interest: $9,205.48 as of May 19, 1988
> Per Diem:  $98.63

For a possessor of a promissory note to establish that he is entitled to judgment as a matter of law after the maker of the note has filed a general denial, the possessor must prove all the facts necessary to show that he is the owner or holder of the note, that the note is due, and the amount due and owing. *Alexander v. Houston Oil Field Material Co.*, 386 S.W.2d 540, 543 (Tex.Civ.App.1965, writ ref'd n.r.e.). In an ordinary summary judgment proceeding, the possessor of the note can discharge much of this burden by simply including the note in the summary judgment evidence. Even without producing the note, however, a movant for summary judgment could, in the absence of a best-evidence objection, still discharge his burden by establishing the terms of the note by affidavit or other proper summary judgment proof.

Giberson's affidavit states that he is the holder of the note, that Sorrells executed the note, and that $200,000 in principal is due on the note. However, Giberson's affidavit does not recite the relevant terms of the note, such as its original principal amount, payment schedule, maturity date, interest rate (pre-maturity and post-maturity), default provisions, acceleration terms, or notice, demand, and presentment requirements. Many of these facts are referred to in Giberson's petition, but pleadings, even if sworn to, do not constitute summary judgment proof and cannot serve as a basis for summary judgment. *Hidalgo v. Surety Sav. & Loan Assoc.*, 462 S.W.2d 540, 545 (Tex.1971). Therefore, such facts were not part of the summary judgment evidence before the trial court and may not be considered by this Court.

Giberson's statement that $200,000 is due on the note is not sufficient to establish these missing facts because it is merely a legal conclusion that is unsupported by any facts in the summary judgment proof. Furthermore, without any evidence of the note's interest rate or rates, the amount of interest stated in the affidavit as due on the note is also a legal conclusion that is insufficient to establish that fact. "A legal conclusion in an affidavit is insufficient to establish the existence of a fact in support of a motion for summary judgment." *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984). For purposes of Rule 166a, the statement in an affidavit of a legal conclusion without the underlying supporting facts is not a "formal" defect and cannot be waived. *See Mercer*, 676 S.W.2d at 583; *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381–82 (Tex.1978).

Giberson cites to this Court three cases that he says require a different result: *Trans–Continental Finance Corp. v. Summit National Bank*, 761 S.W.2d 575 (Tex.App.1988, no writ); *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718 (Tex.App.1986, writ ref'd n.r.e.); *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank—Southeast*, 633 S.W.2d 574 (Tex.App.1982, no writ). These cases are readily distinguishable from the present one, however, because in all three the promissory notes on which suit had been brought were attached to the summary judgment

motion or affidavits. Sufficient factual background may, in some instances, permit a court to infer facts from the statement of a legal conclusion. In the present case, however, the omission of the note left the summary judgment record with virtually no factual background at all.

In addition, the courts' opinions in *Trans–Continental, 8920 Corp.,* and *Ecurie Cerveza* do not set out with specificity the language of the affidavits alleged to be conclusory. We do not know, therefore, whether the affidavits in those cases set forth more relevant facts than does the affidavit in the present case. We consider the three cases not to be controlling here, and we sustain Sorrells's first point of error.

We reverse the judgment of the trial court and remand the cause for further proceedings.