Ward v. Life Sav. Ass'n 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-239-CV





COWDEN WARD D/B/A COWDEN ASSOCIATES,



 APPELLANT


vs.





LIFE SAVINGS ASSOCIATION,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 472,625, HONORABLE ROBERT C. WRIGHT, JUDGE PRESIDING



 




PER CURIAM

 Life Savings Association, appellee, successfully sued appellant Cowden Ward,
d/b/a Cowden Associates, to recover a deficiency judgment on an $8500 promissory note. Ward
appeals with two points of error alleging that the trial court erred in rendering judgment for Life
Savings because: (1) there is no evidence that Life Savings gave Ward reasonable notice of the
deficiency sale and conducted a commercially reasonable sale; and (2) there is no evidence of the
promissory note. Because of a material defect in the proof offered at trial, we will reverse.

 On September 4, 1987, Ward executed a promissory note payable to Life Savings
that was renewed, extended, and modified on June 1, 1988. The renewal, extension, and
modification agreement expressly provided that the provisions of the September 4, 1987,
promissory note remained in full force and effect, except as specifically modified. At trial, Life
Savings tendered the original note for identification, but failed to offer the note into evidence. 
The renewal agreement was offered and accepted into evidence. 

 To establish a right to a favorable judgment when a general denial has been filed,
a possessor of a promissory note must prove all the facts necessary to show the elements of its
cause of action. See Sorrells v. Giberson, 780 S.W.2d 936, 938 (Tex. App.--Austin 1989, writ
denied). Life Savings could have discharged its burden of proof on the security agreement by
producing and successfully introducing the original note into evidence. See Alexander v. Houston
Oil Field Material Co., 386 S.W.2d 540, 543 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.). 
Life Savings failed to introduce both sides of the original note into evidence and, thus, there is
no evidence to support a necessary portion of the judgment. (1) The fact that the original note is
attached as an exhibit to Life Savings's original petition is of no moment because exhibits to
pleadings are not evidence. Point of error two is sustained.

 Because of our disposition of point of error two, we do not reach point of error
one. The judgment of the district court is reversed and judgment is rendered that Life Savings
take nothing.


[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Rendered

Filed: February 10, 1993

[Do Not Publish]
1. In deciding a no-evidence point, we must consider only the evidence and inferences tending
to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. 
Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S. Ct. 135
(1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).