GALLAGHER HEADQUARTERS RANCH DEVELOPMENT, LTD., Chris Hill, and Julie Hooper, Petitioners,

v.

CITY OF SAN ANTONIO and City Public Service, Respondents.

No. 08–0773.

Supreme Court of Texas.

Feb. 12, 2010.

Sarah B. Duncan, Mike A. Hatchell, Charles R. Watson Jr., Locke Lord Bissell & Liddell, LLP, Austin, Jesse R. Castillo, Castillo Snyder, P.C., John E. Furrh, Law Office of John E. Furrh, PLLC, David Lawrence Earl, Earl & Associates, P.C., San Antonio, for Petitioners.

Jane M.N. Webre, Casey L. Dobson, Scott Douglass & McConnico, L.L.P., Austin, Michael D. Bernard, Asst. City Atty., Ricardo G. Cedillo, Derick James Rodgers, Davis Cedillo & Mendoza, Inc., San Antonio, for Respondents.

PER CURIAM.

### Order Remanding for Findings of Fact

Petitioners Gallagher Headquarters Ranch Development, Ltd., Chris Hill, and Julie Hooper sued Respondent City of San Antonio and its agencies for breaching a "contract with the voters" because the City allegedly used money dedicated to purchase land for conservation purposes to instead purchase land from Gallagher to build an electrical grid. Funding for the project had been approved by voter referendum. The trial court granted summary judgment to the City and awarded the City attorneys' fees. The court of appeals affirmed on the merits, but remanded the attorney fees claim for a new trial. Petitioners appealed the court of appeals' affirmance of the summary judgment.

During the pendency of the petition at this Court, the City filed a motion to dismiss pursuant to settlement. The City alleges that it settled three cases, including this case, and filed with its motion a Mediated Settlement Agreement (the "Agreement"), signed less than a month after the court of appeals issued its opinion in this case. The Agreement recites two condemnation cases in probate courts in Bexar County, against Christopher C. Hill, et al., and Gallagher Headquarters Ranch Development, et al.[1] The Agreement does not include the caption for the case before this Court, and was not signed by Hooper. However, the parties agreed that the previously mentioned condemnation cases and "all related claims and controversies" between the signatories "are hereby settled." The City also agreed to waive its claim for attorney fees in this case, an issue on which it was successful at the court of appeals. Finally, the release language states that each party to the Agreement releases the other "from any and all claims ... whether or not asserted in the above case ... arising from or related to the events and transactions which are the subject matter of this cause." The City contends that the issues in this case—whether the City violated the "contract with the voters" by using tracts of land through a program called Proposition 3 to build part of an electrical grid—were related to the controversies in the condemnation actions.

Petitioners argue that the Agreement does not cover this petition. First, petitioners note that Julie Hooper is not a signatory to the Agreement. Second, Petitioners argue that the Agreement only resolves the specifically enumerated condemnation cases and the severable attorneys fees claim. Finally, Petitioners argue that the motion is premature, as the parties agreed that any dispute over the interpretation or

1. *City of San Antonio, Texas, acting by and through the City Public Service Board of San Antonio v. Christopher Hill, et al.,* No.2005–ED–0029 (Probate Court No. 1, Bexar County, Texas); *City of San Antonio, Texas, acting by and through the City Public Service Board of San Antonio v. Gallagher Headquarters Ranch Development, Ltd., et al.,* No.2005–ED–0031 (Probate Court No. 2, Bexar County, Texas).

performance of the Agreement would be brought to the original mediator in an attempt to resolve the same. The City replies that the language of the Agreement controls the outcome of this case; that agreeing to drop the attorneys fees issue without also dismissing this lawsuit is a nonsensical reading of the Agreement; and that Julie Hooper has no standing to continue as a petitioner, or, in the alternative, that the petition should be dismissed as to the other petitioners.

 Interpretation of an unambiguous contract is an issue of law. *E.g., SAS Institute, Inc. v. Breitenfeld,* 167 S.W.3d 840, 841 (Tex.2005). However, when a contract is ambiguous, extrinsic evidence may be used to determine the intent of the parties. *E.g., Progressive County Mut. Ins. Co. v. Kelley,* 284 S.W.3d 805, 807–08 (Tex.2009) (considering extrinsic evidence in interpreting an insurance agreement due to a latent ambiguity as to the intent of the parties). Here, a latent ambiguity appears to exist, as it is unclear whether the case at issue here is covered by the Agreement and release, even construing the release language narrowly. *See Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 938 (Tex.1991) (recognizing that a claim must be "mention[ed]" in a settlement release to be effective, and that general, categorical releases are narrowly construed). Further, whether this case "aris[es] from or [is] related to the events and transactions which are the subject matter of this cause" will guide resolution of the motion to dismiss, yet the parties provide little briefing and almost no evidence for this Court to determine whether the Agreement's release encompasses the issues underlying this petition.

Accordingly, we abate the petition and remand the case to the trial court to conduct all necessary proceedings [2] and prepare findings of fact on the issue of whether this case is encompassed within the scope of the Agreement. The trial court shall submit its findings to this Court no later than May 3, 2010. The parties may, within thirty days after the trial court's findings are submitted, provide a supplementary brief to this Court, no longer than twenty-five pages, addressing those findings and the following two issues: (1) whether the Agreement moots the case before the Court, and (2) whether petitioner Hooper has standing to pursue the litigation.

---

**2.** Paragraph 9 of the settlement agreement requires the parties to attempt further mediation if a dispute arises "with regard to the interpretation and/or performance of this Agreement." As part of the remand proceedings, the trial court may order the parties to mediate this dispute if they have not already done so.