Opinion issued December 15, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00445-CV

———————————

Andrew Segal,
Appellant

V.

Norman Bock, Individually and as Independent
Executor of the Estate of Elizabeth H. Bock, John Alan Bock and Patricia Sue
Bock, Appellees



 



 

On
Appeal from the 80th District Court

Harris
County, Texas



Trial Court Case No. 2008-45062

 



 

MEMORANDUM
OPINION

Appellant, Andrew Segal, challenges the
trial court’s rendition of summary judgment in favor of appellees, Norman Bock,
individually and as independent executor of the estate of Elizabeth H. Bock,
John Alan Bock, and Patricia Sue Bock, on the Bocks’ claim for breach of
contract.  In two issues, Segal argues
that the trial court erred in granting summary judgment in favor of the Bocks
because (1) the breach of contract cause of action was not supported by the
pleadings; (2) the trial court should have granted him a continuance to conduct
discovery on the breach of contract claim; (3) the relevant settlement
agreement was not a part of the summary judgment evidence; and (4) the
settlement agreement could not dispose of all claims because the two cases
concerning the incident had not been consolidated.

We affirm.

                                                                                                                                                                
Background

On January 26, 2008, an automobile accident occurred
between Segal and the Bocks, with Norman Bock as the driver of the Bocks’
vehicle.

Seeking to recover property damages arising from the accident,
Segal retained David Castaneda as his attorney and filed a lawsuit in Harris
County Civil Court at Law Number 1 against Norman Bock on July 21, 2008.  Unaware of this pending lawsuit, the Bocks
filed a wrongful death lawsuit against Segal four days later in the 80th
District Court in Harris County for the death of Elizabeth Bock, a passenger in
the Bocks’ vehicle.

Although Castaneda originally answered for Segal in the
district court case, William Book was substituted as attorney for Segal in defense
of the Bocks’ wrongful death claims on October 10, 2008.  At this point, Castaneda represented Segal
for his affirmative property damage claims in the county court at law case,
while Book represented him in defense of the Bocks’ claims in the district court
case.

On September 24, 2008, the Bocks filed with the district
court a motion to consolidate the two suits, which was presented to the trial
court as unopposed on October 10, 2008. 
Norman Bock subsequently filed a motion to consolidate the two cases
with the county court at law on October 16, 2008.  The county court at law signed an order on
October 21, 2008, indicating that it desired the two suits to be
consolidated.  Thereafter, all parties
proceeded in the case at the district court, and the trial court issued a
docket control order.  The trial court
did not formally sign an order consolidating the two cases until January 8,
2010. 

On March 30, 2009, the pleadings deadline set by the
docket control order expired.  On April
1, 2009, Segal filed a cross-action against Norman Bock, alleging that Bock’s
negligence was the cause or a contributing factor to the Bocks’ claimed
damages. On April 17, 2009, the Bocks filed their second amended petition.

On May 14, 2009, the parties conducted an initial round of
mediation.  The parties were unable to
reach a conclusion, but agreed to a second mediation on August 11, 2009.  At this mediation, neither Segal nor
Castaneda was present, and Book alone was present to represent Segal.  A settlement agreement was executed, which
purported to dispose of all claims concerning the accident, including Segal’s
claims.

On August 17, 2009, John Alan Bock and Patricia Sue Bock
filed their third amended petition, which did not include Norman Bock.  On September 4, 2009, Segal filed his first
amended petition and counterclaims, adding new causes of action for negligence
and negligence per se against Norman Bock and slander claims against all of the
Bocks.  The Bocks subsequently filed an
“Emergency Motion to Enforce Settlement Agreement and Render Judgment” on
September 21, 2009, purporting to assert a breach of contract action in this
motion.  As an exhibit to this motion,
the Bocks filed a copy of the settlement agreement. Then, while their motion to
enforce was still pending, on September 25, 2009, the Bocks filed a motion to
dismiss with prejudice all of their claims against Segal.  This motion was granted on October 6, 2009,
dismissing all of the Bocks’ claims.

A hearing was held on the motion to enforce on October 16,
2009, with a rehearing on November 13, 2009. 
Following this hearing, on November 17, 2009, the Bocks filed a
supplement to their motion to enforce, again purporting to assert a breach of
contract cause of action.

On November 23, 2009, the Bocks filed a motion for summary
judgment seeking summary judgment against Segal for breach of the settlement
agreement.  They subsequently filed an
amended motion for summary judgment on December 1, 2009, again seeking summary
judgment for breach of the settlement agreement.  In both motions, the Bocks quoted from the
previously filed settlement agreement and incorporated the agreement by
reference.  

In their motion, the Bocks argued that Segal breached the
settlement agreement by filing his first amended petition and counterclaims as
the settlement agreement was intended to dispose of all issues related to the
accident.  In his response, Segal argued
that the settlement agreement was invalid because Book did not have the
authority to settle his claims.  He also
argued that, because his claims were not part of the agreement, he did not
breach the agreement by adding a new cause of action against the Bocks. 

A hearing on the amended motion was set for December 28,
2009, and there is some indication in the record that the hearing took
place.  Nevertheless, the motion was not
resolved, and a second hearing was set for March 2, 2010.  On December 28, 2009, the Bocks filed a
“Supplement to Plaintiff’s Third Amended Original Petition”—this time including
Norman Bock—and adding a breach of contract claim to their previously dismissed
wrongful death and negligence claims. 
Then, on January 22, 2010, the Bocks filed a motion for leave to file
their supplemental petition.  

On March 2, 2010, the Court granted the Bocks leave to
file their supplemental petition.  On the
same date, Patricia Sue Bock and John Alan Bock filed a “Second Amended
Original Answer of Counter-Defendant Patricia Sue Bock and First Amended answer
of John Bock and Special Exceptions of Patricia Bock and John Bock.”  

On March 4, 2010, the trial court signed an order granting
and rendering final summary judgment on all causes of action in this suit in
favor of the Bocks.  The judgment did not
award the Bocks any damages in the suit but did award attorneys’ fees.

                                                                                                                                                 
Standard of Review

The summary-judgment movant must conclusively establish
its right to judgment as a matter of law.  See MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex. 1986).  Because summary judgment is a question of
law, we review a trial court’s summary judgment decision de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).

To prevail on a “traditional” summary-judgment motion, asserted
under Rule 166a(c), a movant must prove that there is no genuine issue
regarding any material fact and that it is entitled to judgment as a matter of
law.  See Tex. R. Civ. P.
166a(c); Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d
374, 381 (Tex. 2004).  A matter is conclusively established if reasonable
people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex.
2005). 

When a party moves
for summary judgment on a claim for which it bears the
burden of proof, it must show that it is entitled to prevail on each
element of its cause of action.  See Parker v. Dodge, 98 S.W.3d 297, 299
(Tex. App.—Houston [1st Dist.] 2003, no pet.). 
The party meets this burden if it produces evidence that would be
sufficient to support an instructed verdict at trial.  Id.  

                                                                                                                               
Pleading Breach of Contract

In part of his first issue, Segal contends that the trial
court erred in granting summary judgment in favor of the Bocks on their breach
of contract claim on the basis that the cause of action was not supported by
the pleadings.

Prior to filing their motion for summary judgment, the
Bocks filed a motion to dismiss with prejudice all of their claims against
Segal.  The trial court granted this motion
on October 6, 2009.  The Bocks filed a
motion for summary judgment on November 23, 2009, and their amended motion for
summary judgment on December 1, 2009.  On
December 28, 2009, the Bocks filed a “Supplement to Plaintiff’s Third Amended
Petition,” which asserted a claim of breach of contract against Segal.  The Bocks filed a motion for leave to file
the supplemental petition on January 22, 2010. 
The trial court granted leave on March 2, 2010, during the second
hearing on the amended motion for summary judgment.  On March 4, 2010, the trial court signed an
order granting summary judgment in favor of the Bocks on all grounds.

Segal argues that because the trial court had dismissed
all of the Bocks’ causes of action prior to their motion for summary judgment,
there were no pleadings on file for them to supplement when they filed their
supplemental petition, rendering it null and void.  We note that the dismissal order signed by
the trial court did not dispose of the entire case, but only those claims that the
Bocks had asserted against Segal at the time. 
Thus, while the Bocks had no live claims remaining, the case was still
pending.  Segal provides no authority for
the proposition that, once a party dismisses all of its claims from a suit that
remains pending, it is prevented from asserting any new claims while the suit
is still being prosecuted.

Assuming without deciding that a petition cannot be
supplemented when all the previous claims have been dismissed in an
interlocutory order, the trial court had the ability to treat the supplemental
petition as a pleading asserting a new cause of action against the Bocks,
either in an original or amended petition.  See Tex. R. Civ. P. 71 (stating that when a
party has mistakenly designated any pleading, the court shall treat it as if it
had been properly designated). 
Regardless of how the post-dismissal petition should be characterized,
we hold the Bocks’ pleading properly asserted a breach of contract cause of
action.

Segal also contends that the Bocks’ failure to obtain
leave to file for the supplemental petition until the March 2, 2010 hearing
renders the pleading improper for purposes of summary judgment.  A party may amend its pleadings after it
files a motion for summary judgment until seven days before trial.  Tex.
R. Civ. P. 63.  A summary
judgment proceeding is a trial within the meaning of Rule 63.  Goswami
v. Metro. Sav. & Loan Ass’n, 751 S.W.2d 487, 490 (Tex. 1988).  The key date for purposes of Rule 63 is the
date of the final hearing from which the summary judgment sprang.  Cantu v.
Holiday Inns, Inc., 910 S.W.2d 113, 115 (Tex. App.—Corpus Christi 1995,
writ denied) (citing Rose v. Kober Fin.
Corp., 874 S.W.2d 358, 361 (Tex. App.—Houston [14th Dist.] 1994, no writ)).


The Bocks filed their supplemental petition on December
28, 2009.   This is the date on which the
summary judgment hearing was originally scheduled to occur, but the motion was
not resolved at this time and another summary judgment hearing was set for March
2, 2010.  Accordingly, the March 2, 2010
hearing is the relevant hearing date for purposes of Rule 63.  See
Cantu, 910 S.W.2d at 115; Tex. R. Civ. P. 63.  It follows that the Bocks’ supplemental
petition was filed well outside the seven-day deadline and did not require
leave of court for filing.[1]  

Moreover, even assuming leave was required, the trial
court gave leave on March 2, 2010.  This
was sufficient.  See Tex. R. Civ. P.
166a(c) (providing pleadings amended after summary judgment hearing can be
considered with permission of court if filed before judgment is rendered).  We hold the Bocks’ “Supplement to Plaintiff’s
Third Amended Petition,” which contained a cause of action of breach of
contract against Segal, was properly before the court at the time summary
judgment was granted.

                                                                                                                                                                
Continuance

In the remainder of Segal’s first issue, Segal argues the
trial court abused its discretion by not allowing him a continuance when it
allowed the Bocks to amend their pleadings to include a breach of contract claim.

In response to the Bocks’ amended motion for summary
judgment, Segal argued he should be allowed a continuance to conduct discovery on
their newly pleaded claim.    The trial
court did not rule on the request, however. 
To preserve error on a motion for continuance, the movant must obtain
the trial court’s ruling on the motion.  Direkly v. ARA Devcon, Inc., 866 S.W.2d
652, 656 (Tex.App.—Houston [1st Dist.] 1993, writ dism’d w.o.j.).  As there is no ruling in the record on his
request for continuance, the issue has not been properly preserved for review.

We overrule Segal’s first issue.

                                                                                                                            
Summary Judgment Evidence

In the first part of his second issue, Segal argues that
the trial court erred in granting summary judgment in favor of the Bocks on the
basis that the Bocks’ summary judgment evidence is factually insufficient.  Segal argues that by failing to properly
attach and authenticate the settlement agreement as evidence for their summary
judgment motion, the Bocks failed to prove the first element of a breach of
contract action, making the evidence factually insufficient.

The Bocks attached the settlement agreement to their
motion to enforce.  In their motion for
summary judgment, the Bocks quoted provisions from the settlement agreement and
stated specifically that they were incorporating it by reference.  The agreement was signed and on file with the
court.  Failure to attach summary
judgment evidence to the motion must be raised and ruled on by the trial court
before a party can complain about it on appeal. 
Cluett v. Med. Protective Co.,
829 S.W.2d 822, 825 (Tex. App.—Dallas 1992, writ denied).  Segal did not object.  Accordingly, any error has been waived.  Id.  

Segal suggests that the Bocks’ failure to attach the
settlement agreement to their motion for summary judgment was a substantive
defect that requires reversal.  To
support this contention, he relies on Sorrels
v. Giberson, 780 S.W.2d 936 (Tex. App.—Austin 1989, writ denied).  This reliance is misplaced.  In Sorrels,
the lender of a promissory note moved for summary judgment against the
borrower, but did not attach the note to either the summary judgment motion or
any other properly filed instrument in the record.  Id. at
937.  The court held that, because the
note was completely absent from the record, it could not serve as a basis for
summary judgment and that the borrower’s failure to object was irrelevant to
the issue of sufficiency of summary judgment evidence.  Id. at
937–38.  The complete lack of evidence in
Sorrels was the substantive defect, however,
not the failure to physically attach it to the motion.

Segal also contends that the settlement agreement, even if
properly included, was not properly authenticated at the time it was filed with
the motion to enforce.  Defects in the
authentication of attachments in support of a summary judgment motion, however,
are waived without a proper objection.  Watts v. Hermann Hosp., 962 S.W.2d 102,
105 (Tex.App.—Houston [1st Dist.] 1997, no pet.).  To complain on appeal, appellants are
required not only to object but to obtain a ruling from the trial court on his
objections.  Id.  As he neither objected
to the authentication of the document at the trial level nor secured a ruling
on such an objection, Segal has waived any complaints concerning the
authenticity of the document.

                                                                                                                                        
Consolidation of Causes

In the second portion of his second issue, Segal argues
that summary judgment should not have been granted because, at the time of the
hearing, the county court at law and district court cases had not been
consolidated.  Segal contends that the
settlement agreement could only have dismissed the Bocks’ claims against him as
the county court at law cause, which contained his causes of action, was still
separate from the district court cause at the time the agreement was signed.

Assuming without deciding that the two causes had not been
effectively consolidated at the time of the summary judgment hearing, Segal has
not explained why the consolidation or continued separation of the causes
impacts the effect of the settlement agreement. 
A settlement agreement can govern more than one case.  See
Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio, 303 S.W.3d
700, 701–02 (Tex. 2010) (determining whether the provisions of a settlement
agreement applied to two or three separate cases).  The settlement agreement here states in
multiple sections that the agreement disposes of “all claims and causes of
action of any kind whatsoever which the parties have of may have arising out of
the transaction or occurrence which is the subject of this litigation.”  The language is unambiguous in settling all
claims related to the accident, and the consolidation or non-consolidation of
the cases at this time is, therefore, irrelevant. 

We overrule Appellant’s second issue.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

 











[1]           Segal also argues that the “Second Amended Original Answer
of Counter-Defendant Patricia Sue Bock and First Amended answer of John Bock
and Special Exceptions of Patricia Bock and John Bock,” which also contained a
claim of breach of contract and which was not filed until March 2, 2010 was not
timely filed.  Because we have determined
that the Bocks’ “Supplement to Plaintiff’s Third Amended Petition” was timely
filed, we do not need to address this argument. 
See Tex. R. App. P. 47.1 (requiring appellate courts to issue
opinions addressing every issue raised that is necessary to final disposition).