**Opinion issued May 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00939-CV

————————————

**BRIAN SCHULZ, Appellant**

**V.**

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2022-55148

## MEMORANDUM OPINION

Appellant Brian Schulz appeals from the trial court's order granting Appellee Progressive County Mutual Insurance Company's ("Progressive") motion for summary judgment on his claim for Uninsured Motorist ("UIM") benefits on

his automobile insurance policy. Schulz argues the trial court erred in granting summary judgment because he is entitled to UIM benefits.

We affirm.

## Background

On August 31, 2018, Brian Schulz was involved in a motor-vehicle accident with Berhane Tesfay. Schulz claims that Tesfay failed to yield the right-of-way while turning left, causing the accident and Schulz to suffer "serious bodily injuries and property damage." On the day of the accident, Schulz was insured by a Progressive auto policy that included UIM benefits.[1]

Schulz sued Tesfay in the 190th District Court of Harris County, Texas for personal injuries sustained in the accident.[2] The case was dismissed for want of prosecution on August 4, 2022, after Schulz's attorney failed to appear for a status conference.

---

[1] "The purpose of the UIM statute is to protect conscientious motorists from financial loss caused by the negligence of financially irresponsible motorists." *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 392 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.) (citing *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 382 (Tex. 1989)). UIM coverage "must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy[.]" TEX. INS. CODE § 1952.106.

[2] *See Brian Schulz v. Berhane Tesfay*, Cause No. 2019-46418, in the 190th Judicial District Court of Harris County, Texas.

On August 31, 2022, Schulz filed the present lawsuit against Progressive in the 234th District Court of Harris County, Texas, asserting a claim for UIM benefits and seeking to recover past and future reasonable and necessary medical care and expenses, past and future physical pain and suffering, past and future physical impairment, loss of earnings and earning capacity, and past and future mental anguish.

**Summary Judgment Motion and Response**

Progressive filed a motion for traditional summary judgment arguing that Schulz's claims were "not valid under the insurance contract." Progressive argued that Schulz's claim was barred by the two-year statute of limitations because the accident occurred on August 31, 2018, and the resulting lawsuit had been dismissed for want of prosecution on August 4, 2022.

Progressive also argued that the insurance policy precluded payment of UIM benefits because the policy provides for payment "for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury. . . . " But according to Progressive, Schulz is not "legally entitled" to recover damages from Tesfay because "those claims were dismissed by the [previous] Court, and the timeline in which to reinstate them has expired." That is, while Schulz initially sued Tesfay within two years of the accident, Schulz's failure to prosecute the claims in that lawsuit "resulted in a

statutory bar to recovery," meaning he is not legally entitled to recover from Tesfay, thus "nullifying" Schulz's right to recovery of UIM benefits.

Progressive attached four exhibits to its summary judgment motion: a certified copy of the police report from the accident, Schulz's original petition and requests for disclosures, the order dismissing the earlier suit filed by Schulz, and a Progressive County Mutual Insurance Company Policy that includes UIM coverage.

Schulz filed a one-page response stating, without citation to authority or elaboration, that (1) the summary judgment evidence raised a genuine issue of material fact;[3] (2) Progressive did not prove as a matter of law the elements of its defense; (3) the trial court is "barred by rules of law or evidence from giving weight to the movant's evidence offered to prove a vital fact;"[4] (4) there were defects in the form and substance of the motion and evidence;[5] and (5) Progressive

---

[3]  Schulz did not identify any issues of material fact.

[4]  Schulz did not identify any evidentiary defects or even identify which evidence was objectionable. "[A] non-movant's failure to object to defects in a movant's summary judgment evidence constitutes waiver of challenge based upon those defects." *Lance v. Robinson*, 542 S.W.3d 606, 616–17 (Tex. App.—San Antonio 2016), *aff'd in part, rev'd in part on other grounds*, 543 S.W.3d 723 (Tex. 2018). Schulz does not complain of any evidentiary defects on appeal.

[5]  Schulz did not identify any specific defects in the form and substance of the motion.

did not timely and properly serve the summary judgment motion and evidence.[6] Schulz did not submit any evidence or attach any documents to its response.

The trial court granted Progressive's motion for summary judgment on October 28, 2024 and this appeal ensued.

## Standard of Review

We review all rulings on summary judgments de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard of review for a traditional summary judgment is well established. The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *See, e.g., D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)); *Brazda v. Suretec Ins. Co.*, No. 01-21-00482-CV, 2022 WL 3363190, at *2 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) (mem. op.).

---

[6] Schulz did not identify the alleged defects in service of the summary judgment motion or notice of submission in his summary judgment response and he does not do so on appeal.

5

## Waiver

Although Schulz articulates three issues on appeal—that he is entitled to recover from an insured motorist, that he is entitled to UIM benefits, and that genuine issues of material fact precluded disallowed the granting of summary judgment—all three present a single issue: whether the trial court properly granted Progressive's motion for summary judgment.

Schulz argues that Progressive's summary judgment motion was improperly granted because "genuine issues of material fact existed to preclude summary judgment."[7] He does not, however, identify a single disputed factual issue precluding summary judgment. Rather, his argument comprises citations to authority about the standard of review.

Separately, Schulz argues that he is entitled to UIM benefits because Tesfay "intentionally failed to exercise his duty to notify his insurance carrier . . . that a claim had been filed against his policy." But he does not elucidate why this would preclude summary judgment and there is no citation to the record supporting this statement. There also was no evidence submitted in response to Progressive's

---

[7] *See Mondesir v. Luby's Restaurants, Ltd. P'ship*, No. 01-09-00402-CV, 2010 WL 5060573, at *2 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (mem. op.) (noting that when appellant said summary judgment should be reversed "because there were genuine issues of material fact raised in his summary-judgment response," he "was not relieved of the burden to present articulate and succinct arguments for the issues raised, stating the reasons why the trial court erred in granting summary judgment").

summary judgment on this point. Schulz's one-page response consisted solely of argument.

Schulz also argues that the order dismissing his lawsuit in the 190th District Court for want of prosecution is "moot" with respect to the summary judgment because (1) Tesfay was liable for the accident, (2) Tesfay was uninsured because he failed to honor his insurance contract, and (3) Tesfay's failure to notify his insured predated the order dismissing the lawsuit. Schulz did not raise those arguments in the trial court in response to Progressive's summary judgment motion. *See D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived."). Schulz is thus precluded from raising those issues on appeal. *See Murray v. Pinnacle Health Facilities XV*, No. 01-13-00527-CV, 2014 WL 3512773, at *2 (Tex. App.—Houston [1st Dist.] July 15, 2014, pet. denied) (mem. op.) ("The failure to present an issue to defeat summary judgment in the trial court waives the issue on appeal.") (citing cases); *Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("If the non-movant fails to meet the burden [to present to trial court reasons summary judgment should be denied], then the non-movant has waived the issue on appeal.").

7

We overrule Schulz's issues on appeal.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.